**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| RIGOBERTO LOPEZ ROMERO, AKA Javier Macias, AKA Rigo Lopez Romeo, | No.   15-71645 |
| Petitioner, | Agency No. A205-313-082 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022**

Before:      SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Rigoberto Lopez Romero, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his applications for asylum, withholding

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Lopez Romero failed to establish that he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010) (finding no nexus to a protected ground where applicant feared returning to his home country because gunmen, motivated by a desire to steal his grandfather's land, murdered his family members); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, Lopez Romero's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Lopez Romero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

---

[1] Lopez Romero does not challenge the agency's determination that his application for asylum was time barred.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**